Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3195 | **DATE** | 11/13/2003 |
| **CASE TITLE** | Carroll M. Baker vs. Jo Anne B. Barnhart | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for attorney's fees [19-1] and costs pursuant to the Equal Access to Justice Act [19-2] is granted in the amount of $4,504.37, and costs for the filing fee in this action in the amount of $150.00. The total amount of $4,654.37 should be paid directly to plaintiff's attorney, Eric Schnaufer.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 17 2003 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/14/2003 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CARROLL M. BAKER,** | )<br>) |
| Plaintiff, | )<br>) Case No. 02 C 3195<br>) |
| v. | ) Magistrate Judge<br>) Martin C. Ashman |
| **JO ANNE B. BARNHART,**<br>Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carroll M. Baker, brings this motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for the prosecution of her Social Security appeal before the District Court and for this motion for fees and costs. For the following reasons, the motion is granted.[1]

Plaintiff applied for Disability Insurance Benefits in February 2000 but her application was denied both initially and on reconsideration. Thereafter, an Administrative Law Judge ("ALJ") held a hearing and determined that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review. Plaintiff appealed to this Court, alleging that the ALJ erred in several aspects of his decision. We held that the ALJ erred in his reliance on THE PILL BOOK without first submitting the book to Plaintiff and making it a part of the record before using it to

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

resolve issues relating to Plaintiff's credibility. We therefore reversed the Commissioner's final decision and remanded this case for further action.[2]

Under the EAJA, fees may be awarded where 1) the plaintiff is the "prevailing party"; 2) the government's position was not substantially justified; 3) no "special circumstances make an award unjust"; and 4) the fee petition is submitted within thirty days of final judgment and is accompanied by an itemized statement. 28 U.S.C. § 2412(d)(1)(A) & (B); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000). In this case, the parties do not dispute, and this Court agrees, that Plaintiff was the "prevailing party," her timely-filed motion was accompanied by an itemization of fees and costs, and no special circumstances exist which would make an award of fees unjust. The only issue for us to resolve is whether the government's position was substantially justified.

Plaintiff argues that the government's position was not substantially justified because the ALJ violated Plaintiff's due process rights by failing to provide Plaintiff with substantive evidence (THE PILL BOOK) on which he intended to rely in issuing his decision. The government argues that its position was substantially justified because this Court overruled all of Plaintiff's objections to the ALJ's decision except for the ALJ's use of THE PILL BOOK.

The government bears the burden of proving that its position was substantially justified. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). The government's position is substantially justified if it is "justified in substance," i.e., "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The position taken by the government

---

[2] Other background facts were set forth at some length in this Court's memorandum opinion and order dated May 7, 2003, and familiarity with these facts is presumed.

can be justified even if it is not correct, and it can be substantially justified if a reasonable person could think it to be correct, such that it has a reasonable basis in law and fact. *Id.* at 566 n.2. In applying this standard, the Court must examine the government's conduct in both the prelitigation and the litigation contexts. *See Hallmark*, 200 F.3d at 1080. The ALJ's decision constitutes prelitigation conduct. *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991); *Steele v. Barnhart*, No. 99 C 5455, 2002 WL 31478268, at *1 (N.D. Ill. Nov. 5, 2002).

Considering the government's position as a whole, we find that a reasonable person could not find that the government's position was substantially justified. As we noted in our prior decision, the HALLEX[3] provides: "The ALJ must not cite medical texts and medical publications as the authority for resolving any issue. If it is necessary to refer to a medical text or medical publication, the ALJ must submit the material to the claimant or the representative for review and comment, and make the material part of the record." HALLEX, I-2-825. The ALJ erred in using THE PILL BOOK as substantive evidence without giving Plaintiff notice and the opportunity to rebut this evidence. Of course, one simple error does not automatically mean that the government's position was not substantially justified. *Jackson*, 94 F.3d at 279-80. But in this case, we found that although the ALJ had not erred in his decision on other objections raised by Plaintiff, his finding regarding Plaintiff's lack of credibility as a whole should be reevaluated in accordance with the Court's opinion. *See c.f. Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *3 (N.D. Ill. Sept. 4, 2001) (government's position was not substantially justified where ALJ possibly failed to consider crucial evidence which might cause him to change his

---

[3] The HEARINGS, APPEALS AND LITIGATIONS LAW MANUAL ("HALLEX") is a policy manual.

decision on remand). Therefore, the government's position was not substantially justified because it did not have a reasonable basis in law or fact.

We now turn to the question of whether the fees and costs submitted by Plaintiff are reasonable. The EAJA provides that a court may award costs and reasonable attorney's fees based on prevailing market rates, but not to exceed $125 per hour unless the cost of living justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). We find that cost of living increases as calculated according to the Consumer Price Index justify a higher hourly rate for attorney's fees. We additionally find that the time spent by Plaintiff's attorney on this case is reasonable and proper.

Thus, we grant Plaintiff's motion for an award of fees pursuant to the EAJA in the amount of $4,504.37, and costs for the filing fee in this action in the amount of $150.00. The total amount of $4,654.37 should be paid directly to Plaintiff's attorney, Eric Schnaufer.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: November 13, 2003.

Copies have been mailed to:

| | |
|---|---|
| ERIC SCHNAUFER, Esq.<br>15555 Sherman Avenue<br>Suite 303<br>Evanston, IL 60201 | ANNE LIPNITZ, Esq.<br>200 West Adams Street<br>30th Floor<br>Chicago, IL 60606 |
| Attorney for Plaintiff | Attorney for Defendant |